## DYER et al. v. UNITED STATES.
### No. 6863.

Circuit Court of Appeals, Ninth Circuit.
Aug. 21, 1933.

Hawley & Worthwine, Oscar W. Worthwine, and Jess Hawley, all of Boise, Idaho, and Earl W. Cory, of Blackfoot, Idaho, for appellant.

H. E. Ray, U. S. Atty., and Sam S. Griffin, Ralph R. Breshears, and W. H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment in an action on a war risk insurance policy issued to Omey E. Dyer, herein referred to as the decedent. On motion of the defendant, appellee, the learned trial court instructed the jury to return a verdict for the defendant.

"My analysis of the testimony in this case," said the court, "is that the plaintiff has not shown that he in fact became totally and permanently disabled between the date of the issuance of the policy until the time it elapsed, as required by the policy and the law; that there is no evidence, as I view it, at all upon which to predicate a verdict of the jury, or a decree of the court."

It was stipulated at the trial "that Omey E. Dyer entered the United States Army August 5, 1918, and was honorably discharged April 25, 1919; that on August 8, 1918, he applied for and received a policy of insurance in the amount of $10,000.00, payable in monthly installments of $57.50 per month; that the policy was in force by virtue of the actual payment of premium, and including the grace period, to midnight of May 31, 1919; that Omey E. Dyer, died May 1, 1929; and that his father, Charles E. Dyer, is the beneficiary named in Omey E. Dyer's policy of war risk insurance."

The record herein contains the testimony of numerous witnesses called on behalf of the plaintiff, including that of two medical experts, as to the decedent's physical condition from the date of his discharge from the army to the date of his death. This testimony, in our judgment, tends to show that during all that time the decedent was partially but not totally disabled. We have arrived at this conclusion after a careful study of the entire record.

As we have seen, the policy lapsed on May 31, 1919, for nonpayment of premium. Soon thereafter decedent went to work as foreman on the highway, in which position he continued "all that summer."

According to one of the witnesses: "He was getting 16 cents an hour more than the rest of the laborers. That continued as long as there was any road building in 1919. In 1920 when the road work opened up again, he went back on the road, same kind of a job. He worked all during 1920 to the best of my knowledge and at the same pay." At other times he worked as a laborer and carpenter, working nine hours a day. In April, 1921, he left Idaho and went to Oregon, where he worked as a foreman for a construction company. He was married in the latter state in 1923. From 1923 to 1927 he was engaged with one Rydalch in the contracting business, the earnings of the firm amounting to $4,000 annually. Decedent's share of such earnings for the five-year period amounted to $10,-000. The firm made income tax returns in the years 1926 and 1927.

This testimony of decedent's employment and earnings over a period of years completely refutes any theory that he was totally and permanently disabled during the life of the policy.

During all the time from the date of the discharge from the army in 1919 to the date of his death in 1929, decedent evidently did not conceive himself to be totally and permanently disabled. He made no claim under the policy, nor did he present any claim for compensation, although his partner in the contracting business testified at the trial: "I told Omey Dyer I thought he was more entitled to benefits probably than lots that were getting it."

We do not mean to imply, however, that the failure to make such claim or claims is conclusive upon the beneficiary under the policy; but it is significant, especially in view of the opinion expressed by his partner.

We think it unnecessary to refer to decedent's earnings in 1928 and 1929.

We believe the cases of United States v. Perry (C. C. A.) 55 F.(2d) 819; United States v. McGill (C. C. A.) 56 F.(2d) 522; Green v. United States (C. C. A.) 57 F.(2d) 9; and United States v. Jorgensen, 66 F.(2d) 292, decided by this court July 24, 1933, are pertinent here.

There was no error in directing a verdict for the defendant.

The other assignments of error, based upon rulings during the trial, are, in our opinion, without merit.

Affirmed.